IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JACKIE G. HOWELL,
    Plaintiff,

v.                                                 No: 5:04cv405/LAC/MD

JO ANNE B. BARNHART,
Commissioner of Social Security,
    Defendant.

_____

**REPORT AND RECOMMENDATION**

    This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Howell's application for disability insurance benefits and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Act.

    Upon review of the record before this court, it is the opinion of the undersigned that the determinations of the Commissioner are not supported by appropriate findings; thus, the decision of the Commissioner should be reversed and remanded.

## PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and SSI benefits which were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ) and hearings were held on May 20, 1999, May 4, 2000, June 13, 2000, and July 26, 2001. Plaintiff was represented by counsel, and testified at the hearings. The plaintiff lost at the hearing level, but the Social Security Appeals Council remanded for further consideration (Tr. 20). After subsequent hearings the ALJ rendered an unfavorable decision on October 7, 2002 (Tr. 20-33) and the Appeals Council declined further review (Tr. 7-10), making the decision of the ALJ the final decision of the Commissioner, and therefore subject to review in this court. *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998). This appeal followed.

## STANDARD OF REVIEW

The court is well familiar with the standard of review in Social Security appeals, but it is not necessary to recite them in detail here. This case should be reversed and remanded on the authority of *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005). In that recent case the court reversed the Commissioner's decision because the ALJ failed to either (1) complete a Psychiatric Review Technique Form (PRTF), or (2) "comply with the mode of analysis the form and its accompanying regulations dictate." 405 F.3d at 1214.

Title 20 C.F.R. § 404.1520a addresses the evaluation of mental impairments. It requires the ALJ to evaluate each of four distinct functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 1520a(e)(2). It also requires the ALJ to include a specific finding as to the degree of limitation in each of the functional areas. *Id*. The court in *Moore, supra* specifically held that "where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of analysis

into his findings and conclusions.  Failure to do so requires remand."  405 F.3d at 1208.

In this case the ALJ did not fill out a PRTF, and the respondent concedes that "it is not apparent from the ALJ's decision that he incorporated the PRTF's mode of analysis before determining that Plaintiff did not suffer from a severe mental impairment."  (Doc. 17, p. 6).  The respondent contends, however, that this was harmless error because there was substantial evidence to support the ALJ's determination.  She points out that the ALJ found that plaintiff's depression was attributable to the use of pain relievers, that the treating psychiatrist opined that the depression was secondary to chronic pain and was markedly improved or stable with medication, and that another physician felt that most of plaintiff's problem was his underlying personality.

The *Moore* court rejected that same argument, noting that the ALJ failed even to analyze or document the plaintiff's condition in social functioning or prior episodes of decompensation, and held that because that analysis was missing, "we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless."  405 F.3d at 1215.  The same is true here.  This record is in the same posture as that considered by the *Moore* court, and this court cannot evaluate whether the ALJ's error was harmless.

Respondent further contends that it was not necessary for the ALJ even to consider plaintiff's mental condition because that condition was not listed as a claimed disability in plaintiff's original disability report (doc. 17, pp. 6-7).  That argument is disingenuous at best.  Plaintiff lost once at the hearing level, but the Appeals Council remanded *for further review of plaintiff's mental condition* (Tr. 20), a fact the respondent noted at the beginning of her memorandum.[1]  The ALJ ordered

---

[1] This makes one wonder whether the person who wrote this part of the memorandum is the same person who advanced this argument, and if not, whether the person who advanced this argument bothered to read the entire memorandum.  Either way, counsel ought seriously to review Fed. R. Civ. P. 11 and consider the implications of advancing an argument in this court that is contrary to an earlier binding Appeals Council decision.

*Case No: 5:04cv405/LAC/MD*

consultative psychological examinations by Dr. Loiry (Tr. 438-40) and Dr. Koehnemann (Tr. 489-91), and received evidence from a forensic psychiatrist, Dr. Edwards (Tr. 454-470) and from Dr. Gibson, a psychiatrist at the Life Management Center of Northwest Florida (Tr. 477-488A).  One of the state agency consultants filled out a PRTF (Tr. 431-39).[2]  Clearly, if the plaintiff's mental problems were not an issue when he first applied for benefits, they became an issue during the process, even to the point of an Appeals Council remand for consideration of that very issue.  To say now that the ALJ could safely ignore the claimed mental condition because it was not listed in plaintiff's original application ignores the earlier Appeals Council action and the law of the case.

The plaintiff has made at least a colorable showing of a mental impairment, and *Moore* directs a remand.  Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be REVERSED pursuant to sentence four of 42 U.S.C. § 405(g), that the case be remanded to the Commissioner for further proceedings consistent with this report and recommendation, and that the clerk be directed to close the file.

At Pensacola, Florida this 17TH day of August, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] The requirement that a state agency consultant fill out a PRTF at the administrative level is separate and distinct from the requirement that the ALJ fill out one, or do the equivalent analysis at the hearing level.  20 C.F.R. § 404.1520a(e)(1),(2).

*Case No: 5:04cv405/LAC/MD*